1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAILEY O. STEBBINS, individually and on behalf of all those similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>BIGHORN FIVE GUYS ACQUISITIONS, LLC, a foreign limited liability company,<br><br>                  Defendant. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>DIVERSITY OF CITIZENSHIP<br><br>**28 U.S.C. §§ 1332, 1441, 1446** |

**TO:**        **Clerk of the Court;**

**AND TO:**    **Bailey O. Stebbins, Plaintiff;**

**AND TO:**    **James B. Pizl, Justin O. Abbasi, and Ari Robbins Greene, Entente Law PLLC, Plaintiff's Attorneys of Record.**

PLEASE TAKE NOTICE that Defendant BIGHORN FIVE GUYS ACQUISITIONS, LLC (hereinafter "Five Guys"), by this Notice, now effects the removal of the above-entitled action from the Superior Court of the State of Washington in and for the County of Pierce to the United States District Court for the Western District of Washington at Tacoma. This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a) and 1441, and is timely under 28 U.S.C. § 1446. Written notice of the filing of this Notice of Removal is being filed with

NOTICE OF REMOVAL TO FEDERAL COURT - 1

1   the Clerk of the Superior Court for the State of Washington, in and for the County of Pierce, and

2   shall be served upon all parties together with a copy of this Notice pursuant to 28 U.S.C. § 1446(d).

3         In support of its Notice of Removal, Defendant provides the following information:

4                                    I.    **JURISDICTION**

5         1.      This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and

6   this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

7         2.      Five Guys is the only named defendant, is represented by the undersigned counsel,

8   and consents to removal. As set forth below, this case meets all of the requirements for removal and

9   is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

10                           II.    **PLEADINGS, PROCESS, AND VENUE**

11        3.      On April 14, 2023, Plaintiff initiated the instant matter by filing a copy of the

12   Summons and Complaint for Damages with the Superior Court of the State of Washington in and

13   for the County of Pierce. A true and correct copy of the Complaint is attached as **Exhibit A**. A true

14   and correct copy of the Summons is attached as **Exhibit B**. A true and correct copy of the Case

15   Information Cover Sheet is attached as **Exhibit C**. A true and correct copy of the Order Setting Case

16   Schedule is attached as **Exhibit D**.

17        4.      Plaintiff effected service of the Summons and the Complaint on Defendant Five Guys

18   on April 20, 2023 through Five Guys' registered agent for service of process in the State of

19   Washington, Corporation Service Company. A true and correct copy of the Notice of Service of

20   Process is attached as **Exhibit E**.

21        5.      On May 4, 2023, Defendant appeared in this action in Pierce County Superior Court

22   through the undersigned legal counsel. A true and correct copy of Defendant's Notice of Appearance

23   is attached as **Exhibit F**.

24        6.      By signing this Notice of Removal, counsel for Defendant verifies that the above-

25   described items attached hereto are true and complete copies of the records and proceedings on file

26   in the state court proceeding.

NOTICE OF REMOVAL TO FEDERAL COURT - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

7.     Venue is proper (for purposes of removal) in the Western District of Washington at Tacoma. Venue is proper in this District because this is the District Court of the United States for the District encompassing the place where this action is pending. 28 U.S.C. § 1441. Venue is proper in Tacoma because Plaintiff initiated the lawsuit in Pierce County. *See* Western District of Washington Local Civil Rule 3(e)(1).

## III.     DIVERSITY OF CITIZENSHIP

8.     Removal of this action is appropriate based on diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). As shown below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.* § 1332(a)(3).

9.     Citizenship of Plaintiff.  At the time this action was commenced, and at all times relevant to the allegations set forth in the Complaint, Plaintiff Bailey Stebbins was, and is, an individual and purports to be a citizen of the State of Washington. Exhibit A, Complaint ("Compl."), ¶ 3.2.

10.     Citizenship of Defendant.  At the time this action was commenced, and at the time of removal, Five Guys was not, and is not, a citizen of the State of Washington.

11.     Five Guys is a Delaware limited liability company which has a principal place of business in Conshohocken, Pennsylvania. *See* Declaration of Clayton Parrett ("Parrett Decl."), at ¶ 2. However, for the purposes of assessing diversity jurisdiction, a limited liability company is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.     The members of Five Guys are Miller Consumer Capital, LP and Essie Pae. *See* Parrett Decl., at ¶ 3. For the purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states in which its partners are citizens. *Asana Partners Fund II Reit 14 LLC v. Heath Family I LLC*, No. C20-1034-JCC, 2020 U.S. Dist. LEXIS 231600, at *7 (W.D. Wash. Dec. 9, 2020) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-96 (1990)). Miller Consumer Capital, LP has no

NOTICE OF REMOVAL TO FEDERAL COURT - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    partners who are Washington state citizens; instead, the partners are citizens of Pennsylvania and

2    Nevada.[1] *Id.* at ¶ 4. Moreover, Essie Pae is a citizen of South Korea. *Id.* at ¶ 5.[2]

3        13.    Accordingly, for purposes of diversity of citizenship, Five Guys is not a citizen of

4    Washington. *Johnson*, 437 F.3d at 899.

5        14.    Consequently, there is complete diversity of citizenship between Plaintiff Stebbins

6    and Defendant Five Guys. *See* 28 U.S.C. § 1332(a)(3).

7                        **IV.    AMOUNT IN CONTROVERSY**

8        15.    This action is a civil action over which this Court has original jurisdiction under 28

9    U.S.C. § 1332(a) and is one which may be removed to this Court pursuant to the provisions of 28

10   U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in

11   controversy exceeds the sum of $75,000, exclusive of interests and costs. In a putative class action,

12   the amount-in-controversy requirement may be met if the named plaintiff's claims exceed $75,000.

13   *See Gonzalez v. Comenity Bank*, No. 1:19-CV-00348-AWI-EPG, 2019 U.S. Dist. LEXIS 181974, at

14   *9 (E.D. Cal. Oct. 21, 2019) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001))

15   (courts examine only the claims of named plaintiffs for purposes of the amount-in-controversy

16   requirement); *see also Boles v. State Farm Lloyds*, No. H-13-286, 2013 U.S. Dist. LEXIS 102580,

17   at *11 (S.D. Tex. Jul. 23, 2013) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546

18   (2005)) ("[t]he amount in controversy for a class action will be satisfied if a single named plaintiff's

19   claim exceeds $75,000"). For the reasons set forth below, Defendant avers that the amount in

20   controversy exceeds $75,000, exclusive of interest and costs.

21

22

---

23   [1] Two of the partners hold their interests in the partnership through a trust. A trust has the citizenship of its trustee or trustees. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d

24   894, 899 (9th Cir. 2006).

25   [2] Essie Pae is in the United States (Nevada) on an E-2 visa, but remains a citizen of a foreign state for the purposes of diversity jurisdiction. *D Stadtler Trust 2015 Trust v. Gorrie*, No. CV-22-00314-PHX-DWL, 2022 WL 1124970, at *3 (D. Ariz. Apr. 15, 2022) (citizen of foreign state in U.S. on

26   E-2 visa is not a lawful permanent resident and remains a citizen of the foreign state).

NOTICE OF REMOVAL TO FEDERAL COURT - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

16.     Plaintiff's Complaint is silent as to the total amount of monetary relief claimed. However, Plaintiff's failure to specify the total amount of claimed relief does not deprive the Court of jurisdiction. *See McClellon v. Wells Fargo Advisors Fin. Network, LLC*, No. C18-0852-JCC, 2018 U.S. Dist. LEXIS 131707, at *4 (W.D. Wash. Aug. 6, 2018) (the amount in controversy requirement is met even when Plaintiff's complaint does not specify the amount sought); *see also White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure by plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply be declining . . . to place a specific dollar value upon its claim."). Thus, Defendant needs only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996) (holding that where plaintiff's state court complaint does not specify a particular amount of damages, defendant bears the burden of establishing by a preponderance of the evidence of the amount in controversy); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). Under this standard, the defendant must only provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *Monumental Life Ins. Co.*, 102 F.3d at 404.

17.     The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The ultimate inquiry is what amount is placed "in controversy" by Plaintiff's Complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal") (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)); *see also St. Paul Mercury*, 303 U.S. at

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal");

*Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy

for purposes of general diversity removal "'encompasses all relief a court may grant on that

complaint if the plaintiff is victorious.'").

18.     Through his Complaint, Plaintiff alleges that Defendant (1) failed to ensure rest

periods and compensate for missed rest periods under the Washington Industrial Welfare Act (IWA),

Washington Minimum Wage Act (MWA), and Washington Wage Payment Act (WPA); (2) failed

to provide meal periods and compensate for missed meal periods under the IWA, MWA, and WPA;

(3) failed to pay overtime wages under the MWA; (4) willfully withheld wages under the

Washington Wage Rebate Act; (5) failed to pay all tips under the MWA; (6) discriminated against

him based on his sex under Washington's Law Against Discrimination (WLAD); (7) retaliated

against him under the WLAD; (8) retaliated against him under the MWA; and (9) wrongfully

discharged him in violation of public policy. Plaintiff asserts Causes of Action One through Four on

behalf of himself and a putative class of Washington workers. Plaintiff asserts Causes of Action Five

through Nine on behalf of himself individually. *See* Compl., pp. 9 – 13.

19.     The remedies Plaintiff seeks in his Complaint are sufficient to satisfy the amount in

controversy. Plaintiff seeks the following relief for his individual claims: (1) "[f]or Plaintiff's

individual claims, unpaid wages, back pay, front pay, lost benefits…"; (2) "damages for loss of

enjoyment of life, emotional distress, injury to reputation, fear, personal indignity, embarrassment,

humiliation, fear, anxiety, and anguish…"; (3) "[e]xemplary damages in amounts equal to double

the wages due to Plaintiff…"; (4) "[a]ttorney's fees and costs…; (5) "[p]rejudgment interest…"; and

(6) "[s]uch other and further relief as the Court deems just and proper." *See* Exhibit A, Compl., at

pp. 10 – 11 ("Prayer for Relief").

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

A.      **Economic Damages**

20.      Plaintiff seeks compensatory damages, encompassing lost wages in the form of unpaid wages, back pay and front pay, and lost benefits, but he has not provided the dollar amount of the alleged lost wages sought. *See* Compl., Prayer for Relief at p. 10.

21.      Plaintiff's hourly rate of pay at the time his employment with Five Guys ended was $16.25 per hour. At the time of his separation (March 24, 2023), Plaintiff had year-to-date compensation for 2023 of $8,608.88. Parrett Decl. at ¶¶ 6-7. Accordingly, Plaintiff's annual compensation was approximately $34,435 ($8,608.88 x 4).

22.      Plaintiff's claim for backpay will continue to accrue during the pendency of this litigation, typically lasting an additional year or more. *Gotthardt v. National R.R. Passenger Corp.*, 191 F.3d 1148, 1158 (9th Cir. 1999) (back pay damages are determined by measuring the difference between actual earnings for the period and those which the employee would have earned absent the alleged discrimination). Thus, Plaintiff's potential claim for backpay alone would encompass approximately 60 weeks, or $39,733 ($34,435 divided by 52 multiplied by 60 weeks), not accounting for potential mitigation.

23.      In addition, Plaintiff also seeks future damages or front pay as a result of the alleged wrongs by Defendant. *See* Compl., Prayer of Relief at p. 10. Even conservatively estimating that Plaintiff seeks front pay damages of one year, the amount of future wages in controversy in this case would total at least an additional $34,435.

24.      Plaintiff's damages for unpaid wages related to alleged non-compliant meal and rest breaks, combined with the overtime and exemplary damages further increase the amount in controversy. Plaintiff alleges that he did not receive rest breaks and meal breaks "at times," and that he is entitled to compensation of an additional 10 minutes for each rest break and an additional 30 minutes for each meal break. Compl., ¶¶ 4.3-4.11. Assuming that Plaintiff proves he is entitled to unpaid wages for two meal breaks and two rest breaks per week, it would place an additional amount

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

of $433.33 in controversy ($16.25 x (80/60) x 20 weeks of employment). Adding exemplary damages, this component totals $866.66, not including overtime or interest.

25.     Thus, Plaintiff's total economic damages for lost past and future wages, plus exemplary damages for unpaid wages, place at least $75,035 ($39,733 + $34,435 + $867) in controversy.  Accordingly, the economic component of the amount in controversy alone meets the threshold for diversity jurisdiction.

### B.     Non-Economic Damages

26.     Plaintiff also alleges that he was subjected to sex discrimination, sexual harassment, hostile work environment, and retaliation for engaging in claimed protected activity. *See* Compl. at pp. 4, 9. Specifically, Plaintiff claims that Defendant relied on a false sexual harassment accusation against him and based its decision to terminate him on assumptions about his gender without adequate investigation. *Id.* ¶ 4.16.

27.     Based on these factual allegations, Plaintiff seeks general damages for loss of enjoyment of life, emotional distress, injury to reputation, fear, personal indignity, embarrassment, humiliation, anxiety, and anguish. *Id.*, Prayer of Relief, at p. 10.

28.     Settlements and jury verdicts in analogous cases are sufficient to satisfy the amount in controversy requirement for removal of this action to federal court. *Smith v. Monster Beverage Corp.*, C16-5124 BHS, 2016 WL 2586637 (W.D. Wash. May 5, 2016). Plaintiffs alleging similar claims in recent cases have been awarded jury verdicts well in excess of $75,000. *See generally*, *Ellis on behalf of Corliss v. Larson Motors Inc.*, BR 15-43566, 2017 WL 4758763 (W.D. Wash. Oct. 20, 2017) (plaintiff awarded $500,000 in general damages for claims of hostile work environment and retaliation); *Erickson v. Biogen, Inc.*, No. C18-1029-JCC, 2019 WL 2525424 (W.D. Wash. June 19, 2019) (plaintiff awarded $1,690,222 in general damages for claims of gender discrimination, retaliation, and wrongful termination); *Johnson v. Albertsons, LLC*, No. 2:18-CV-01678, 2020 WL 1667863, (W.D. Wash. Mar. 9. 2020) (plaintiff awarded $750,000 in general damages for claims of retaliation and sex discrimination). Accordingly, based on recent verdicts in cases with similar

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

claims, the amount in controversy for general and special damages on Plaintiff's employment discrimination claims easily exceeds $75,000.

**C.    Attorneys' Fees.**

29.    Plaintiff's Complaint also requests that the Court award his attorneys' fees and costs. *See* Compl., Prayer of Relief, at p. 11. It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Further, a reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy) (internal citations omitted); *see also Kido v. Transamerica Life Ins. Co.*, No. C19-1858-JCC, 2020 U.S. Dist. LEXIS 14168, at *7 (W.D. Wash. Jan. 28, 2020) ("Plaintiff's claim for attorney fees, both current and future, must be included in the amount in controversy."); *Michels v. Geico Ins. Agency*, No. 12-CV-5609-RBL, 2012 U.S. Dist. LEXIS 165111 (W.D. Wash. Nov. 19, 2012) (acknowledging that a reasonable estimate of future attorneys' fees may be included in the amount in controversy); *Kerbs v. Safeco Ins. Co. of Ill.*, No. C11-1642 MJP, 2011 U.S. Dist. LEXIS 138318 (W.D. Wash. Dec. 1, 2011) (same); *Ceja-Corona v. CVS Pharm.*, No. 1:12-cv-01703-AWI-SAB, 2013 U.S. Dist. LEXIS 18964 (E.D. Cal. Feb. 12, 2013) (same); *Olive v. General Nutrition Centers, Inc.*, No. 2:12-cv-04297-ODW (PLAx), 2012 U.S. Dist. LEXIS 78019 (C.D. Cal. June 5, 2012) (same).

30.    Plaintiff's request for an award of attorneys' fees for alleged discrimination is made pursuant to statute (RCW 49.60.030(2)). In situations such as this, where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Fritsch*, 899 F.3d at 794. Therefore, in determining

NOTICE OF REMOVAL TO FEDERAL COURT - 9

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1    whether the amount in controversy exceeds $75,000, the Court should consider Plaintiff's future

2    attorneys' fees.

3        31.    In order to litigate Plaintiff's claims, Plaintiff's attorney will have to inquire as to the

4    circumstances of his employment, conduct discovery, take depositions, and prepare for trial. Even

5    estimating Plaintiff's counsel's hourly rate very conservatively at $250 per hour, counsel would only

6    have to spend 300 hours of attorney time to incur $75,000 in attorneys' fees (300 x $250 = $75,000).

7    Indeed, Courts have noted that in individual employment cases, attorneys' fees alone can often

8    exceed the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D.

9    Cal. 2002); *see also Haase v. Aerodynamics, Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 U.S. Dist.

10    LEXIS 96563, at *14–15 (E.D. Cal. Oct. 19, 2009) ("the Court does not address this argument as

11    even a minimal award of attorney's fees would cause the amount in controversy to exceed the

12    jurisdictional minimum").

13        32.    Thus, Plaintiff's claims for employment discrimination and wrongful discharge,

14    when combined with the attorneys' fees that will be required to prosecute this case, will easily

15    surpass the jurisdictional minimum of $75,000 for diversity jurisdiction.

16        33.    Although Defendant disputes Plaintiff's factual allegations and denies that his claims

17    have any merit, taken as a whole, the relief sought by Plaintiff exceeds the $75,000 minimum

18    threshold for removal. The Court therefore has original jurisdiction over this action based on

19    diversity of citizenship under 28 U.S.C. sections 1332(a)(3) and 1441.

20                   **V.**    **TIMELINESS OF REMOVAL**

21        34.    Plaintiff's Complaint constitutes the first "pleading, motion, order or other paper

22    from which it may first be ascertained that the case is one which is or has become removable" within

23    the meaning of 28 U.S.C. § 1446(b). Plaintiff served Defendant with the Complaint on April 20,

24    2023. Pursuant to 28 U.S.C. § 1446(b), Defendant is therefore timely filing this Notice of Removal

25    within thirty (30) days after receipt of the "other paper from which it may first be ascertained that

26    the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v.*

NOTICE OF REMOVAL TO FEDERAL COURT - 10

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper

2  service of the summons and complaint).

3       35.    Written notice of the filing of this Notice of Removal will be given to all parties who

4  have appeared in this action, and a copy of the Notice of Removal will be filed with the Clerk of

5  Court of the Superior Court of the State of Washington, in and for the County of Pierce, where

6  Plaintiff commenced this action.

7                        **VI.    RESERVATION OF RIGHTS**

8       36.    In the event this Court should be inclined to remand this action, Five Guys requests

9  that the Court issue an order to show cause why the case should not be remanded, giving the parties

10  an opportunity to present proper briefing and argument prior to any possible remand. Because a

11  remand order is not subject to appellate review, such a procedure is appropriate.

12      37.    Nothing in this Notice of Removal is intended to waive any defense, nor does it waive

13  any defense, including but not limited to insufficient service of process, insufficient process, or lack

14  of personal jurisdiction.

15      WHEREFORE, Defendant Five Guys respectfully requests that this action now pending in the

16  Pierce County Superior Court, State of Washington, be removed to the United States District Court

17  for the Western District of Washington at Tacoma.

18

19

20

21

22  / /

23

24

25  / /

26

NOTICE OF REMOVAL TO FEDERAL COURT - 11

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

2   Dated: May 19, 2023                    /s/ Breanne S. Martell
                                           Breanne S. Martell, WSBA #39632
3                                          bsmartell@littler.com

4                                          /s/ Brian Rho
                                           Brian Rho, WSBA #51209
5                                          brho@littler.com

6                                          LITTLER MENDELSON, P.C.
                                           One Union Square
7                                          600 University Street, Suite 3200
                                           Seattle, WA 98101.3122
8                                          Phone: 206.623.3300
                                           Fax:    206.447.6965

9                                          Attorneys for Defendant
10                                         BIGHORN FIVE GUYS ACQUISITIONS, LLC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL TO FEDERAL COURT - 12

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

## CERTIFICATE OF SERVICE

2

I am a resident of the State of Washington, over the age of eighteen years, and not a party

3

to the within action. My business address is One Union Square, 600 University Street, Ste. 3200,

4

Seattle, WA 98101. I hereby certify that on May 19, 2023, I electronically filed the foregoing

5

document titled *Notice of Removal to Federal Court* with the Clerk of the Court using the

6

CM/ECF system, which will send notification of such filing to the following CM/ECF system

7

participants:

8

**Plaintiff's Counsel of Record**

9

James B. Pizl, WSBA #28969

Justin O. Abbasi, WSBA #53582

10

Ari Robbins Greene, WSBA #54201

ENTENTE LAW PLLC

11

315 Thirty-Ninth Ave. SW, Ste. 14

Puyallup, WA 98373

12

jim@ententelaw.com

justin@ententelaw.com

13

ari@ententelaw.com

14

15

I certify under penalty of perjury under the laws of the State of Washington that the above

16

is true and correct. Executed on May 19, 2023, at Seattle, Washington.

17

18

*/s/ Katie Angelikis*

Katie Angelikis, Legal Secretary

19

kangelikis@littler.com

**LITTLER MENDELSON, P.C.**

20

21

22

23

24

25

4860-8994-9537.4 / 615000-3568

26

NOTICE OF REMOVAL TO FEDERAL COURT - 13

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300